

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CURTIS L. SMITH | DOCKET NO. 06-CV-369; SEC. P |
| VERSUS | JUDGE DRELL |
| LYNN COOPER & MEDICAL STAFF | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Curtis L. Smith, filed *in forma pauperis* on February 23, 2006, in the Middle District of Louisiana. The case was subsequently transferred to the Western District on March 1, 2006. Curtis is an inmate at the Avoyelles Correctional Center ("AVC"). Smith claims that he was denied proper medical treatment at AVC, and he names as defendants Warden Lynn Cooper and the medical staff at AVC.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff has alleged:

1. On July 14, 2005, Plaintiff slipped and fell in the dining hall, injuring his tailbone and left arm.

2. Plaintiff was taken to the infirmary where he received

treatment.

3. Plaintiff made additional sick calls on 7/18/05, 7/31/05, 8/25/05, and all he received was a "duty status."

4. Plaintiff made no sick calls from 8/25/05 through 10/25/05 because "the new doctor was of no help to the inmates."

5. Plaintiff made an emergency sick call on 10/28/05 and was written up for malingering.

6. Plaintiff was again treated and given a "duty status" toward the end of 2005.

7. Plaintiff made additional sick calls on 1/11/06, 2/3/06, 3/3/06, and 4/26/06, but was not treated.

8. On 5/1/06, Plaintiff was evaluated by a doctor, who gave him another "duty status."

9. On 5/12/06, Plaintiff was treated, and x-rays were taken of his lower back.

10. Plaintiff was taken to a charity hospital and referred to a neurologist.

11. Plaintiff was treated by the prison doctor a few days following his hospital visit, and his medication was changed.

12. On 6/12/06, Plaintiff was informed that the hospital did not deem his medical condition warranted any further attention.

On May 11, 2006, Plaintiff was ordered to amend his complaint and submit evidence of exhaustion. Plaintiff amended on 6/21/06.

Plaintiff has alleged exhaustion and submitted some evidence tending to support that claim. Nonetheless, Plaintiff's claim should be dismissed as frivolous.

**LAW AND ANALYSIS**

1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obligated to evaluate the complaint and dismiss it without service of process if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

District courts must construe in forma pauperis complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

3

on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

2. Medical Care

Plaintiff's allegations do not support a claim that he was denied proper medical care. In fact, his own allegations indicate that the opposite is true. To state a claim for the denial of proper medical treatment under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001), quoting Estelle, 429 U.S. at 107. "Deliberate indifference 'is an extremely high standard to meet.'" Id. quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

Here, the plaintiff claims that he was denied proper medical care. However, by his own admission, he was frequently seen by doctors, evaluated, and treated for his alleged injuries. Specifically, the plaintiff outlines at least seven occasions on which he was treated by a medical professional for his alleged injuries. Plaintiff acknowledges that he was seen by a doctor at

the prison and even taken to a hospital for evaluation and x-rays.

The plaintiff clearly disagrees with the doctors' findings and believes that his treatment was inadequate. However, the plaintiff cannot show that he was exposed to a substantial risk of serious harm, and that jail officials acted or failed to act with deliberate indifference to that risk. Plaintiff's disagreement with his medical treatment does not state a claim for Eighth Amendment indifference to his medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir.1985).

For the foregoing reasons, Plaintiff's claims lack an arguable basis in fact and law and are frivolous. See Neitzke v. Williams, 490 U.S. 319 (1989).

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions AVCepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of September, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE